UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIZABETH F. BUANYA, individually
and as a Special Administrator of the
ESTATE OF KWABENA A. BUANYA,
and AKUMFI A. BUANYA,

          Plaintiff,

v.                                     Case No. 06-C-609

LAWRENCE UNIVERSITY OF WISCONSIN,

          Defendant.

**ORDER**

      This is a wrongful death action arising out of the accidental drowning of Kwabena A. Buanya, a student at Lawrence University. Buanya, a member of the soccer team, drowned in the Lawrence University swimming pool on September 8, 2005. The case is scheduled for a jury trial to commence on October 22, 2007. Presently before the court is the defendant's motion to quash the plaintiffs' notice of an "evidentiary videotape deposition" which was served on the defendants on October 11, 2007, shortly after the final pretrial conference. The noticed deposition is scheduled to occur on October 19, 2007, the Friday before trial, commencing at 9:30 a.m in Albany, New York. Defendants seek to quash the proposed deposition on the ground that the deadline for completion of discovery has expired and the defendants will suffer unfair prejudice if they are required to travel to Albany, New York on the last working day before trial.

      The motion will be granted. Discovery was due to be completed in this case by July 7, 2007. While the court recognizes that attorneys often distinguish between discovery depositions and

evidentiary depositions, the rules of civil procedure recognize no such distinction. *Jaros v. Poznanski*, 1992 WL 47994 *2 (N.D. Ill March 3, 1992). Depositions are authorized as a means of discovery. Fed. R. Civ. P. 26(a)(5). While the rules also authorize the use of a deposition as substantive evidence at trial, see Fed. R. Civ. P. 32, a party cannot circumvent the scheduling order by the simple expedient of claiming the deposition is for evidentiary purposes and not discovery. If the rule were otherwise, a party could upset his opponent's trial preparation by scheduling evidentiary depositions right up to the day of trial.

This is not to say that leave to take a deposition after the discovery deadline had passed would not be given if an emergency arose and an essential witness suddenly became unavailable to testify at trial. But no such showing has been made here. The record reflects that the individual whose deposition is sought, one Richard Amankwah, was deposed by the parties on February 15, 2007. Plaintiff declined to question the witness extensively at that time, apparently intending to call him to testify live at trial. The witness has since left Wisconsin to attend medical school in Albany. He is, according to plaintiffs, reluctant to return to Wisconsin to testify at the trial.

Plaintiffs fail to indicate, however, when they became aware that Amankwah would not be available to testify at trial. It is also unclear whether his testimony is significant. Plaintiffs indicate that Amankwah will testify as to the decedent's reluctance to swim and conversations he had with the decedent concerning his future plans that plaintiffs contend are relevant to their pecuniary loss claim. But there is no indication that he is the only such witness to provide such information, nor is it even clear whether some or all of these facts were not addressed at the earlier deposition.

In any event, plaintiffs failed to seek leave to conduct the deposition, and defendant justifiably complains on the ground that it would interfere with counsel's trial preparation. The

2

court concludes that to compel defense counsel to travel half-way across the country to attend an evidentiary deposition on the last working day before trial is simply unfair and unreasonable. *See Ross v. Black & Decker, Inc.,* 977 F.2d 1178, 1186 (7th Cir. 1992). Accordingly, the motion to quash is **GRANTED**.

Dated this   15th   day of October, 2007.

 s/ William C. Griesbach  
William C. Griesbach  
United States District Judge